IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

Case Number: 3:17-CV-222-CRS

JESSICA F. GUEST             PLAINTIFF
9621 Old Six Mile Lane
Louisville, Kentucky 40299

v.

WAKEFIELD & ASSOCIATES, INC.             DEFENDANTS
10800 East Bethany Drive, No. 450
Aurora, Colorado 80014

    SERVE:   Incorp Service, Inc.
               828 Lane Allen Road, Suite 219
               Lexington, Kentucky 40504
               (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

    SERVE:   The Prentice Hall Corporation System
               421 W. Main Street
               Frankfort, Kentucky 40601
               (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

### VERIFIED COMPLAINT

Comes the Plaintiff, Jessica F. Guest, and for her Verified Complaint against the Defendants, Wakefield & Associates, Inc ("Wakefield") and Trans Union, LLC ("Trans Union") states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false credit reporting and Defendants' failure to investigate Plaintiff's disputes regarding false and derogatory Wakefield tradelines on Plaintiff's Trans Union credit report.

## II. PARTIES

2. Plaintiff, Jessica F. Guest, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 9621 Old Six Mile Lane, Louisville, Kentucky 40299.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Wakefield, is a corporation organized under the laws of the State of Colorado and doing business in the Commonwealth of Kentucky with its principal place of business located at 10800 East Bethany Drive, No. 450, Aurora, Colorado 80014.

5. Wakefield is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

7. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

10. In or around November 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Trans Union credit reports and discovered false and derogatory tradelines furnished by Revenue Recovery, Inc. regarding alleged medical collections accounts.

11. Immediately upon her discovery of the reporting of the Revenue Recovery collections accounts, Plaintiff disputed the Revenue Recovery tradelines with Trans Union. Specifically, Plaintiff disputed Revenue Recovery Account Nos. 116179****, 113243****, 112121****, 115070****, 113303****, 113334****, 115070****, 113303****, 113334****, 115070****, 112301****, 115180****, 113116**** and a duplicated Account No. 115180****, stating in her disputes that accounts did not belong to Plaintiff.

12. Later in November 2016, Plaintiff received from Trans Union the results of her disputes of the Revenue Recovery tradelines. In response to Plaintiff's disputes, Trans Union deleted six of the disputed Revenue Recovery tradelines from Plaintiff's Trans Union credit report. Specifically, Trans Union deleted Revenue Recovery Account Nos. 116179****, 113334****, 112301****, 115180****, 113116**** and the duplicated Account No. 115180****.

3

13. In or around January 2017, Plaintiff again accessed her Trans Union credit report and discovered that the former Revenue Recovery collections tradelines were again reporting as past due and owing but this time to Defendant Wakefield, the new furnisher of the tradelines.

14. Upon information and belief, at some point subsequent to November 2016 and prior to Plaintiff's January 2017 disputes, Wakefield purchased and/or was assigned debts allegedly due and owing to Revenue Recovery.

15. Immediately upon her discovery of the new Wakefield tradelines, Plaintiff again disputed the tradelines with Trans Union.

16. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Wakefield of the disputes at or within five (5) days of Trans Union's receiving notice of the disputes from Plaintiff.

17. In February 2017, Wakefield and Trans Union verified a number of Wakefield tradelines on Plaintiff's Trans Union credit report, tradelines which Trans Union previously deleted when the tradelines were furnished by Revenue Recovery. Specifically, Wakefield and Trans Union verified Wakefield Account Nos. 112121****, 112148****, 115070****, 112075****, 113243****, 113303****, 116273****, 112148**** and 112337****. Despite Plaintiff's lawful request for removal of the Wakefield tradelines, Wakefield and Trans Union refused to delete the tradelines from Plaintiff's credit reports.

18. Also in February 2017, Plaintiff contacted Wakefield by telephone, advised Wakefield that she had disputed the Wakefield tradelines with Trans Union and asked Wakefield about the results of her disputes of the tradelines. In response, the Wakefield employee with whom Plaintiff spoke advised Plaintiff that Wakefield does not investigate consumer disputes filed with the credit bureaus but simply marks the consumer's file as "in dispute." In fact, the

4

Wakefield employee advised Plaintiff that consumers filing tradeline disputes with the credit bureaus is a "pointless exercise".

19. The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

## V. CLAIMS

### Negligence – Wakefield

20. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Wakefield's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due accounts were negligent under applicable law.

22. In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due accounts, Wakefield breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

23. Wakefield's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due accounts has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

24. Wakefield's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due accounts was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

25. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Trans Union's failure to properly investigate Plaintiff's disputes and its consequent failure to remove the Wakefield tradelines from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notice to Trans Union disputing the tradelines, was negligent.

27. In failing to properly investigate Plaintiff's disputes of the Wakefield tradelines, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

28. Trans Union's negligent failure to properly investigate Plaintiff's disputes of the Wakefield tradelines and its consequent failure to remove the tradelines from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

29. Trans Union's failure to properly investigate Plaintiff's disputes of the Wakefield tradelines and its consequent failure to remove the tradelines from Plaintiff's credit report, despite Plaintiff's lawful disputes to Trans Union, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Wakefield

30. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

31. Wakefield, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Trans Union and other currently unknown individuals and/or entities who have accessed Plaintiff's Trans Union credit

report, that Plaintiff has a past due collections accounts with Wakefield.

32. Wakefield's statements were false and were made with conscious disregard for the rights of the Plaintiff.

33. Wakefield's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Wakefield accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

34. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Wakefield and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has past due accounts with Wakefield.

36. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

37. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Wakefield accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Wakefield

38. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. Wakefield's failure to investigate Plaintiff's disputes and it initial and continuing false reporting to Trans Union of Plaintiff's alleged past due Wakefield accounts is a violation of Wakefield's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

40. Wakefield's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Wakefield is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

41. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit report is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

43. Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's disputes is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

44. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Wakefield

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

8

46. Wakefield's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due Wakefield accounts, despite Wakefield's knowledge of the falsity of its reporting, is a willful violation of Wakefield's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

47. Given Wakefield's knowledge of the falsity of its reporting, Wakefield's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Wakefield is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

48. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

50. Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

51. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Jessica F. Guest, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 S. Fifth St.
Louisville, KY 40202
Tel. (502) 443-1060
Fax (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Jessica F. Guest, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Jessica F. Guest

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Jessica F. Guest this 7th day of April, 2017.

_____
Notary Public

Commission expires: Notary Public, State at Large, KY
My Commission Expires July 27, 2018

11